IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David Lee Johnson, | ) | C/A No. 1:15-503-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| All Agents involved in the January 29, 2012 manhunt of David L. Johnson, *For the Agencies of: North Augusta Public Safety; SWAT; Aiken Co Sheriff; SC State Troopers; and Aiken Co Blood Hound Team*; George McElveen, III, *in his official and individual capacities*; J Strom Thurmond, Jr., *Solicitor, in his official and individual capacities*; John Nelson, *Investigator, in his official and individual capacities*; Jane Doe, *Nurse, Aiken Co Dent. Center*, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The plaintiff, David Lee Johnson, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Plaintiff is an inmate at Perry County Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Amended Complaint in accordance with applicable law, the court concludes that the case should be

PJG

summarily dismissed without prejudice and without issuance and service of process as to the following defendants: George McElveen, III; J. Strom Thurmond, Jr.; and John Nelson.[1]

## I.     Factual and Procedural Background

Plaintiff indicates that, during a manhunt for Plaintiff on January 29, 2012, he attempted to elude the defendants identified as All Agents.[2]  (ECF No. 15 at 4.)  When the agents located Plaintiff hiding under a house, he refused to obey their directives and the agents allegedly forcibly removed Plaintiff and searched him, seizing drugs and $3,140 in cash.  (Id.)  Plaintiff claims that the unidentified law enforcement officers then began hitting and slapping Plaintiff around his face and body.  (Id. at 5)  Plaintiff indicates that he passed out during the incident and could not see due to his swollen eyes and face when he regained consciousness in the back of a patrol car.  (Id.)  Plaintiff states that he was seen by an unidentified nurse at the Aiken County Detention Center shortly after his arrival, but did not receive "anything for [his] pain and/or bruises."  (Id.)

Defendant J. Strom Thurmond, Jr., Solicitor for the Second Judicial Circuit of South Carolina, is named for initiating a civil forfeiture action on January 5, 2013 regarding the money confiscated from Plaintiff during the January 2012 arrest.  (Id. at 5.)  Plaintiff indicates that he was not properly served with the forfeiture complaint, which allegedly contained false information.  (Id.

---

[1] Plaintiff's claims against All Agents involved in the January 29, 2012 manhunt of David L. Johnson ("All Agents") and Jane Doe are appropriate for service.  However, Plaintiff has not yet been able to identify or provide service documents for those defendants.  (See Pl.'s Declaration at 1, ECF No. 25 at 1.)  Thus, a separately docketed order directs the Clerk of Court to calculate the 120-day period for service of process, under Rule 4(m) of the Federal Rules of Civil procedure, from the date the order is issued, and advises Plaintiff that Defendants All Agents and Jane Doe may be dismissed from this case if not identified and served within the applicable time period.

[2] To preserve issues raised in this case and to give liberal construction to the pleadings, Plaintiff's Complaint (ECF No. 1) has been appended to the Amended Complaint (ECF No. 15) as an attachment (ECF No. 15-1).



at 6.) However, Plaintiff filed an answer and an amended answer to the forfeiture complaint and received a hearing on July 31, 2013 where he "restated" his position that the money should not be forfeited. (Id.) On September 15, 2013, a state court judge "confirmed the forfeiture of [Plaintiff's] money, even though [Plaintiff's] answers and testimony" were allegedly not refuted by the defendants. (Id.) Plaintiff claims that Defendant Thurmond, along with Defendant George McElveen, III, an attorney, and Defendant John Nelson, an investigator, conspired to deprive Plaintiff of the money. (Id. at 5-6.) Plaintiff seeks monetary damages and a "declaration."[3] (Id. at 7-8.)

## II. Discussion

### A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Amended Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs

---

[3] Plaintiff seeks a "declaration" that the defendants in this case have violated his constitutional rights. (ECF No. 15 at 7.) However, declaratory judgments "are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct . . . . [and] are not meant simply to proclaim that one party is liable to another." Johnson v. McCuskey, 72 F. App'x 475, 477 (7th Cir. 2003) (citations omitted). Thus, Plaintiff is not entitled to the declaratory relief that he seeks.



of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to

Page 4 of 10

PJG

include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.  Analysis

The Amended Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999).  To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

#### 1.  Prosecutorial Immunity—J. Strom Thurmond, Jr.

Prosecutors have absolute immunity for activities in or connected with judicial proceedings such as criminal trials, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings.  Buckley v. Fitzsimmons, 509 U.S. 259 (1993); Dababnah v. Keller-Burnside, 208 F.3d 467 (4th Cir. 2000).  Such immunity also "extends to forfeiture proceedings." Russell v. Myers, C/A No. 9:08-2893-HFF-BM, 2008 WL 4441929, at *3 (D.S.C. Sept. 30, 2008) (adopting and incorporating report and recommendation) (collecting cases); see also Bennett v. Barrat, C/A No. 3:13-cv-128, 2014 WL 4660646, at *6 (N.D. W. Va. Sept. 16, 2014) (adopting report and



recommendation finding a prosecutor absolutely immune from due process claims associated with a civil forfeiture hearing). Thus, Plaintiff's claims against Defendant Thurmond for actions taken during Plaintiff's forfeiture proceedings are subject to summary dismissal. Moreover, as discussed below, even if Defendant Thurmond were not protected by prosecutorial immunity, Plaintiff fails to state a plausible claim under the Fourteenth Amendment in this case.

### 2. Fourteenth Amendment Claims—McElveen & Nelson

The Due Process Clause of the Fourteenth Amendment provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Plaintiff claims that Defendants Nelson, McElveen, and Thurmond "conspired to rob, steal, take, an[d] deceive [Plaintiff] out of his property, by any means necessary, including perjury and lack of procedural Due process." (ECF No. 15 at 6.) However, Plaintiff provides no factual support for his allegation that these defendants violated Plaintiff's right to due process during the forfeiture proceedings. Instead, Plaintiff indicates that he filed both an answer and amended answer to the forfeiture complaint, and was provided a forfeiture hearing where Plaintiff presented his arguments against forfeiture to a state court judge. (Id.) Thus, Plaintiff fails to demonstrate a deprivation of property without due process of law.

Further, under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, an alleged conspiracy must be pled and proved by concrete facts, not mere conclusory allegations. See Simmons v. Poe, 47 F.3d 1370, 1376-77 (4th Cir. 1995). " 'To establish a conspiracy under [42 U.S.C.] § 1983, [a plaintiff] must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy, which resulted in [the] deprivation of a constitutional right.' " Glassman v. Arlington Cnty., 628 F.3d 140, 150 (4th Cir. 2010) (alterations in original) (quoting



Hinkle v. City of Clarksburg, 81 F.3d 416, 421 (4th Cir. 1996)).  The plaintiff "must come forward with specific circumstantial evidence that each member of the alleged conspiracy shared the same conspiratorial objective."  Hinkle, 81 F.3d at 421.  His factual allegations must reasonably lead to the inference that the defendants came to a mutual understanding to try to "accomplish a common and unlawful plan," and must amount to more than "rank speculation and conjecture," especially when the actions are capable of innocent interpretation.  Id. at 421-22.  In addition, the United States Supreme Court has held that, to establish a federal conspiracy claim under 42 U.S.C. § 1985, a plaintiff must show that the alleged conspiracy is motivated by "some racial, or perhaps otherwise class-based invidiously discriminatory animus."  Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); see also Trerice v. Summons, 755 F.2d 1081, 1085 (4th Cir. 1985.)  In this case, Plaintiff provides no concrete facts to show that the defendants came to any mutual understanding, or acted jointly to deprive Plaintiff of any constitutional right.  Plaintiff also fails to assert that the alleged conspiracy resulted from any racial or otherwise discriminatory animus.  Thus, Plaintiff's conspiracy claims against Defendants McElveen, Nelson, and Thurmond are also subject to summary dismissal.

Finally, Plaintiff appears to allege a violation of his right to equal protection by these defendants.  "To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination."  Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001).  Again, Plaintiff provides no factual information to support such a claim.  While the court must liberally construe a *pro se* complaint, the Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim.  See Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009); see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain



"a short and plain statement of the claim showing that the pleader is entitled to relief."). Instead, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. The court "need not accept the [plaintiff's] legal conclusions drawn from the facts," nor need it "accept as true unwarranted inferences, or arguments." Kloth v. Microsoft Corp., 444 F.3d 312, 319 (4th Cir. 2006) (internal quotation marks and citations omitted); see also Iqbal, 556 U.S. at 678-79 (holding that the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions). As Plaintiff fails to allege facts that would plausibly demonstrate that Defendants McElveen, Nelson, and Thurmond violated Plaintiff's rights under the Fourteenth Amendment, they are entitled to summary dismissal from this case.[4]

### 3. State Law Claims

Plaintiff alleges state law claims of libel, slander, legal malpractice, conspiracy, larceny, and perjury against Defendants McElveen, Nelson, and Thurmond. However, Plaintiff fails to provide sufficient factual information to establish a violation of any state law by these defendants. See Iqbal, 556 U.S. at 678; see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (holding that plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to

---

[4] An attorney, whether retained or appointed, does not act under color of state law when performing traditional functions as counsel. See Polk Cnty. v. Dodson, 454 U.S. 312, 317-24 nn.8-16 (1981) (public defender); Hall v. Quillen, 631 F.2d 1154, 1155-56 nn.2-3 (4th Cir. 1980) (court-appointed attorney); Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney). While it is unclear exactly how Defendant McElveen was involved in the forfeiture proceedings, to the extent he provided legal representation to Plaintiff, this defendant would further be entitled to summary dismissal because he would not be considered a state actor amenable to suit under § 1983 for such actions.



plausible"). Thus, it is recommended that the state law claims raised against Defendants McElveen, Nelson, and Thurmond in the Amended Complaint be summarily dismissed.

### III. Conclusion

For the foregoing reasons, it is recommended that Defendants McElveen, Thurmond, and Nelson be dismissed from this case without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 6, 2015
Columbia, South Carolina

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).