IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David Lee Johnson, | ) | C/A No. 1:15-503-JMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| All Agents involved in the January 29, 2012 manhunt of David L. Johnson, *For the Agencies of: North Augusta Public Safety; SWAT; Aiken Co Sheriff; SC State Troopers; and Aiken Co Blood Hound Team*; George McElveen, III, *in his official and individual capacities*; J Strom Thurmond, Jr., *Solicitor, in his official and individual capacities*; John Nelson, *Investigator, in his official and individual capacities*; Jane Doe, *Nurse, Aiken Co Dent. Center*, | ) ) ) ) ) ) ) ) ) ) ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, David Lee Johnson, a self-represented state prisoner, filed this action against the defendants pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for pretrial proceedings.

As Johnson was granted leave to proceed *in forma pauperis* (ECF No. 7), the court issued orders allowing Johnson an opportunity to provide the service documents necessary to advance this case so that service could be effected by the United States Marshals Service. (ECF Nos. 7 & 20.) Johnson was also specifically advised that "**Plaintiff must provide, and is responsible for, information sufficient to identify the defendant**," and that "**[t]he United States Marshal cannot serve an improperly identified defendant, and unserved defendants may be dismissed as parties to this case.**" (Id. at 2) (emphasis in originals). Johnson provided service documents for

Defendants McElveen, Thurmond, and Nelson. However, Johnson indicated that, despite various attempts to identify these defendants, he was unable to identify and provide service documents for the defendants listed as All Agents involved in the January 29, 2012 manhunt of David L. Johnson ("All Agents") and Jane Doe. (ECF Nos. 24 & 25.)

On July 6, 2015 the court issued an order construing the Complaint as raising claims against Defendants All Agents and Jane Doe.[1] In its order, the court specifically stated as follows:

> Because Plaintiff has not identified or provided service documents for the defendants listed as All Agents and Jane Doe, the Clerk of Court shall not authorize the issuance and service of process against those defendants at this time. However, the Clerk of Court shall calculate the 120-day period for service of process under Rule 4(m) of the Federal Rules of Civil Procedure from the date on which this order is issued. Robinson v. Clipse, 602 F.3d 605, 608-09 (4th Cir. 2010) (tolling during initial review).

(ECF No. 30 at 3.) Additionally, the court warned Johnson that its July 6, 2015 order "constitut[ed] Plaintiff's **final** notice that Defendants All Agents and Jane Doe may be dismissed from this case if Plaintiff fails to identity these defendants and provide the documents necessary for service within the applicable time period." (Id.) (emphasis in original).

The Federal Rules of Civil Procedure state that a plaintiff must serve a defendant within 120 days after the complaint is filed.[2] As of the date of this order, more than 120 days has passed since the court authorized service of the plaintiff's Complaint, and the plaintiff has not provided completed USM-285 forms so that service can be effected by the U.S. Marshal's Service pursuant to Rule

---

[1] The court contemporaneously issued a Report and Recommendation in which it recommended dismissal of the claims against Defendants McElveen, Thurmond, and Nelson. (ECF No. 29.)

[2] This Rule was amended December 1, 2015 to reduce the time in which to effect service to 90 days. However, the plaintiff's Complaint was filed prior to this amendment; accordingly, the plaintiff had 120 days in which to effect service on the defendants.



4(c)(3) of the Federal Rules of Civil Procedure as required by this court's orders.  (ECF Nos. 7, 20, & 30.); see Robinson, 602 F.3d at 608-09.

## RECOMMENDATION

Accordingly, the court recommends that Defendants All Agents and Jane Doe be dismissed *without prejudice* pursuant to Federal Rule of Civil Procedure 4(m).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

February 24, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).